UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JANET AND FRANCIS MURNAGHAN | : | |
| | : | |
| v. | : | |
| | : | CIVIL ACTION 13-3083 |
| UNITED STATES DEPARTMENT OF | : | |
| HEALTH & HUMAN SERVICES; | : | |
| KATHLEEN SEBELIUS, in her official | : | |
| capacity as Secretary of the U.S. | : | |
| Department of Health & Human Services | : | |

**SUPPLEMENTAL MEMORANDUM**

The Court explained in some detail its reasons for issuing the Temporary Restraining Order ("TRO") during the hearing on June 5, 2013. This case has been widely reported in the media. Some of the public commentary reveals that the individuals making comments have not listened to the audio transcript of the hearing where the Court detailed its reasoning for issuing the Order. Two of the important reasons are as follows:

First, Dr. Goldfarb, the physician for Plaintiffs' daughter, Sarah, and an expert in the field of pediatric pulmonology, testified that the "Under 12 Rule" was developed almost 9 years ago and that, based on the medical and scientific experience that has accrued since that time, he believes the rule is "arbitrary," at least as applied to children between the ages of 5 and 11 who, like Sarah, have a disease process that is found in adults. Dr. Goldfarb testified that children in this group can now successfully receive adult lungs (often via a surgery that reduces the size of the lung), with survival rates and long-term outcomes that are essentially the same as adults.

A second factor underlying the Court's ruling was the government's appropriate disclosure at the hearing that the Organ Procurement and Transplantation Network ("OPTN")— the national board that administers the organ transplant program—has scheduled an emergency meeting for Monday, June 10, 2013. One of the items on OPTN's agenda is whether it should

suspend operation of the Under 12 Rule pending more detailed study.  The fact that the OPTN is holding an emergency meeting for this purpose suggests, in accord with Dr. Goldfarb's testimony, that legitimate questions exist about the validity and wisdom of the Under 12 Policy.

Considering these and other factors, the Court concluded that issuance of the TRO was very much in the interest of the public as well as the Plaintiffs and Sarah.  If, for example, the OPTN decides to suspend the rule on Monday, it would be a tragedy if Sarah were to die prior to the meeting from remaining ineligible for lungs that would have otherwise become available if she were treated as an adult.

Finally, this Court did not in any way, shape, or form dictate when or whether Sarah should receive a lung transplant.  The only legal effect of the ruling is that, for the limited duration of the TRO, Sarah will be treated the same as adults and will receive a ranking based on the details of her case relative to others, as provided by federal statutes and regulations.

A further hearing is scheduled for June 14, 2013.

The audio transcript of the hearing is available to the public on PACER, the Federal Court's publically available digital database for court records.

                                              **BY THE COURT:**

                                         */s/ Michael M. Baylson*
                                         **Michael M. Baylson, U.S.D.J.**

O:\CIVIL 13\13-3083 murnaghan v. HHS\13-3083supplemental_memo.docx